FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 20 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

GREYSTONE BANK,

                Plaintiff,

-against-

FELIX MIGUEL PERALTA, CYPRESS
FINANCIAL RECOVERIES LLC, CITY OF
NEW YORK, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, and NEW YORK CITY TRANSIT
ADJUDICATION BUREAU,

                Defendants.

----------------------------------------------------------- X

**CORRECTED MEMORANDUM DECISION AND ORDER**

10 Civ. 0695 (BMC)

**COGAN**, District Judge.

This commercial mortgage foreclosure action, brought under this Court's diversity jurisdiction, is before me on the motion of Corporate Equity Resources LLC ("CER") to be substituted as plaintiff in place of Greystone Bank ("Greystone"). For the reasons set forth below the motion is granted.

## BACKGROUND

Although familiarity with this case's background is assumed, some context is necessary.[1] Defendant Felix Peralta ("Peralta") received the mortgage loan at issue from Greystone to finance the purchase of a parcel of rental and commercial property. The loan was documented by a mortgage and promissory note. The mortgage note was payable to Greystone. Under the note and the mortgage, Peralta promised to repay Greystone the principal amount of $535,000 plus interest.

---

[1] For additional background, refer to Memorandum Decision & Order dated August 17, 2010 ("MD&O").

On February 17, 2010, Greystone commenced a foreclosure action. On July 21, 2010, while the action was pending, Greystone and CER entered into a Mortgage Loan Sale Agreement for the purchase of the note and mortgage. That transaction closed on July 30, 2010. Pursuant to their agreement, Greystone sold, assigned and transferred all of its rights, title and interest to the loan and mortgage to CER. Greystone also assigned its interest in the pending foreclosure action to CER in exchange for $10.00. I granted Greystone's motion for summary judgment on August 17, 2010, and three days later, on August 20, 2010, Greystone filed the motion to substitute.

## DISCUSSION

### I. Legal Standard for Substitution

Rule 25(c) of the Federal Rules of Civil Procedure provides that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action." "Rule 25(c) substitution is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not affect the substantive rights of the parties." Travelers Ins. Co. v. Broadway West St. Assocs., 164 F.R.D. 154, 164 (S.D.N.Y. 1995) (collecting cases); see Banyai v. Mazur, No. 00 Civ. 9806, 2009 WL 3754198, at *3 (S.D.N.Y. Nov. 5, 2009) (collecting cases). Such a motion "is addressed to the sound discretion of the court, taking into account all the exigencies of the situation." FDIC v. Tisch, 89 F.R.D. 446, 448 (E.D.N.Y. 1981) (explaining that "[a] court's primary consideration in deciding a motion under Rule 25(c) is whether substitution will expedite and simplify the action.").

Determination of whether or not the transfer of an interest justifies substitution is a fact-intensive inquiry. See Organic Cow, LLC v. Ctr. for New Eng. Dairy Compact Research, 335

F.3d 66, 71 (2d Cir. 2003) (internal citations and quotations omitted) (denying substitution of defunct government entity with private corporation where there was no proof of any statute providing for transfer of the assets or liabilities to the corporation). The Travelers court permitted substitution of the original lender for the parties to which it had assigned all of its right, title and interest in the foreclosure actions at issue and which were the undisputed real parties in interest. In so doing, the court noted that discovery was closed and therefore rejected defendant's argument that joinder would be preferable to substitution because it was still seeking discovery from Travelers. 164 F.R.D. at 164 n.7.

## II.   Application

Here, where CER has submitted documentary evidence showing that it has transferred its interest in this action and the underlying loan, note, and mortgage, Rule 25 party substitution is proper. CER's evidence shows that it is the party in interest and Greystone has taken its skin out of this game.

Peralta argues that a substitution would prejudice him because, with inadequate discovery, he cannot know which entity, if either, has the right to proceed against him.[2] He raises the issues of whether Greystone had an equity interest to transfer, and if so, whether the interest was properly transferred.

First, defendant contends that Greystone never had an equitable interest in the loan to transfer. For the first time in opposition to substitution, defendant introduces the theory that

---

[2] Peralta also refers to Rule 15, which governs the amendment of pleadings. The instant motion, however, is concerned with substitution of one entity for another, not the amendment of pleadings, and is therefore properly governed by Rule 25. See Hirsch v. Green, 382 F. Supp. 187 (D.C. Md. 1974) (since Rule 15 deals with amendments generally and Rule 25 specifically addresses substitution of parties, any motion to substitute parties must be determined under Rule 25, not Rule 15).

3

Greystone table funded the loan.³ Peralta argues that he should be able to pursue this new theory even though discovery in this case is closed and summary judgment has already been granted.⁴ In its response to Request 53, Greystone denied that any table funding was involved with this loan. Furthermore, in support of its motion for summary judgment, Greystone submitted evidence that funds were wired from its account to that of Peralta's then-attorney in order to fund the loan. As I noted in the MD&O, Peralta does not deny that he attended a closing or that he received these funds from Greystone's account. Accordingly, I found that Greystone, as the "originator of the loan, legal and equitable owner of the note at all times, and uninterrupted holder of all of the beneficial interest under the mortgage" had standing to bring the foreclosure action. Id. at 8-9. Peralta has given me no reason to revisit this conclusion.⁵

Next, Peralta attacks the sufficiency of the evidence CER has submitted in support of its motion. I find this argument unavailing and the proof submitted by CER convincing. CER submitted a declaration from its sole member, Shulem Herman, which stated that CER purchased the loan from Greystone. Pursuant to the bill of sale and assignment, Greystone sold, assigned and transferred to CER all of its right, title and interest in or arising out of the Peralta loan. Greystone executed a note allonge in favor of CER, assigned the mortgage to CER, and assigned its interest in this action – then a pending motion for summary judgment – to CER in exchange

---

³ Table funding is a transaction in which funds come from a different entity than the one that originates, processes, and closes the loan.

⁴ It is also worth noting that this argument is diametrically opposed to the one Peralta made in opposition to Greystone's successful motion for summary judgment. There, he argued that Mortgage Electronic Registration Systems, Inc. ("MERS") was the proper plaintiff because it, not Greystone, was the true owner of the note.

⁵ As discussed at some length in the MD&O, Peralta had plenty of time to take discovery before entry of summary judgment. He cannot now rely on his previous failure to seek additional time, or alert the Court to outstanding discovery, where he has failed to fulfill even the prerequisites for supplemental discovery. See Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004); Burlington Coat Factory Warehouse Corp. v. Espirt de Corp., 769 F.2d 919, 927-28 (2d Cir. 1985); see also Architectural Systems, Inc. v. Mitchell, No. 08 Civ. 10812, 2010 WL 1141198 (S.D.N.Y. March 24, 2010) (rejecting request for discovery in opposition to summary judgment motion where party "instead of pursuing discovery ... merely objected to the summary judgment motion as premature.").

for consideration. These facts support a finding that CER stepped into Greystone's shoes as the beneficial holder.

Finally, Peralta claims that any assignment from Greystone to CER would be invalid as a violation of New York State Judiciary Law § 489(1), which forbids any entity from "buying or taking an assignment of a [] promissory note . . . with the intent and for the purpose of bringing an action or proceeding thereon." Because the loan was in default and non-performing, Peralta argues, CER purchased it in order to proceed with this lawsuit. This argument goes outside the scope of the statutory bar, which is limited to assignments for the purpose of "bringing" an action. See Fahrenholz v. Security Mut. Ins. Co., 13 A.D.3d 1085, 1086, 788 N.Y.S.2d 546, 547 (4th Dep't 2004) (collecting cases, explaining that "[h]ere, the loans were made after the action was commenced and pending, and thus were not made with the intent and for the purpose of bringing an action.") (internal quotations and citations omitted). In the instant case, Greystone had commenced the action in February, five months before entering into the July 21 agreement with CER. At the time Greystone executed the assignment, its motion for summary judgment had been fully briefed and was awaiting decision. Therefore, § 489(1) does not apply.

## CONCLUSION

For the reasons set forth above, CER's motion to be substituted as plaintiff is granted. Future filings shall bear an amended caption showing CER as plaintiff. The Clerk is directed to terminate Greystone as plaintiff and substitute CER on the docket sheet.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
September 20, 2010

5